IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WALTER DUANE WHITE,**

    **Plaintiff,**

v.                   Civil Action No. 5:06cv166
                     (Judge Stamp)

**JOYCE FRANCIS,**

    **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

On December 29, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendant. On January 11 and 17, 2007, Plaintiff filed supplements to his complaint.[1] On January 18, 2007, Plaintiff paid the entire $350 filing fee. Accordingly, this case is before the Court for an initial review and report and recommendation pursuant to 28 U.S.C. § 1915A[2] and LR PL P 83.02, et seq.

### I. The Complaint

According to the complaint, Plaintiff is currently incarcerated at the Gilmer Federal Correctional Institution ("FCI-Gilmer") in Glenville, West Virginia. The Defendant Joyce Francis ("Francis") is the Warden at that institution.

---

[1] Plaintiff's supplements consist of copies of administrative remedies, copies of letters Plaintiff has written to various agencies and organizations, copies of documents filed in case number 1:06cv81 -- a case similar to the instant action, copies of articles on certain medical conditions, copies of information about the ACLU, a copy of a complaint filed by a prisoner in the Western District of Virginia, and copies of information pertaining to certain medications.

[2] Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. . 28 U.S.C. §§ 1915A(a) and (b).

As grounds for his complaint, Plaintiff asserts that he started having trouble with his back and trouble voiding[3] on or about February 16, 2006. Plaintiff further asserts that his medical needs have been ignored for months at a time. Plaintiff also makes several general claims that involve a "lack of diabetic shoes, diabetic diet, denying and delaying failing to provide medication, treatment in a timely manner consistant (sic) with the recommendations of the prescribing health care provider. Denying request for treatment protocol for Hepatis (sic) c, since I'm a prosioner (sic) suffering from this potentially fatal disease, the information I'm entitled to. Lack of education and treatment of Infectious Diseases."

With regard to these claims, Plaintiff asserts that prison officials have been deliberately indifferent to his serious medical needs by failing to provide him adequate medical care, failing to provide meaningful access to medical staff to make his problems/needs known, failing to provide competent medical staff to examine and diagnose his illnesses, and failing to provide adequate facilities to handle emergencies when outside facilities are remote or inaccessible.

Next, Plaintiff complains that recommendations from outside hospitals are ignored and that medical attention is frequently delayed. For instance, Plaintiff states that his insulin was delayed for a period of 21 hours. Plaintiff does not, however, state when such incident occurred, who actually delayed his medication, or what reason was given for the delay. Plaintiff goes on to generally assert that there is a failure to consult specialists, failure to inquire and diagnose conditions, failure to perform tests for diseases with symptoms when called for, failure to employ additional treatments and techniques, judgment so egregiously bad that it cannot be considered medical, denial of information and treatment of prisoner with Hepatitis C, treatment that is so

---

[3] Plaintiff asserts that he has "infrequent, painful, dark-colored, odorous urination with painful discharge of chunk globulets (sic) of matter."

blatantly inappropriate as to evidence intentional mistreatment, doggedly pursuing courses of treatment that are known to be ineffective, medical treatment so grossly incompetent to shock the conscience and staff that treats inmates as a nuisance rather than as patients. Moreover, Plaintiff asserts that the "Administration knows of and disregards excessive risks to inmate health, the officials must be aware of the facts which the indifference is manifested in their resoponse (sic) to a prisoners adequate, proper care."

As relief, Plaintiff seeks to be treated with respect, consideration, dignity, impartiality and fairly by all personnel. Plaintiff also seeks to be free from unconstitutional retaliation by the administration. Plaintiff seeks to have FCI-Gilmer comply with certain regulations of the United States Department of Justice and the Freedom of Information and Privacy Acts. Plaintiff wishes for FCI-Gilmer to comply with certain standards of health care for prisoners and to have staff and equipment brought into compliance with Federal and State requirements. Plaintiff also wishes to receive medication and treatment in a timely manner and consistent with the recommendations of the prescribing health care provider. Finally, Plaintiff seeks to have additional medical personnel employed and punitive monetary damages in the amount of $250,000.

## II. Analysis

### A. Warden Francis

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Thus, in order to establish liability in a Bivens case, Plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal

involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case.[4] Rizzo v. Good, 423 U.S. 362 (1976).

In this case, Plaintiff does not allege any personal involvement on the part of Defendant Francis. Instead, it appears that Plaintiff has named Defendant Francis merely in her official capacity as the Warden at FCI-Gilmer.[5] However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Thus, remedy under Bivens is against federal officials in their individual capacities, not the federal government. Accordingly, Plaintiff

---

[4] In a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

However, in Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a Bivens action if the Plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id.

Nonetheless, a plaintiff cannot establish supervisory liability merely by showing that the subordinate was deliberately indifferent to his needs. Id. Instead, Plaintiff must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id. Moreover, in reviewing claims of medical care, supervisors are entitled to rely on the judgment of the medical staff as to the course of treatment prescribed. Id.

[5] Thus, plaintiff has also failed to make the appropriate showing of supervisory liability. As already mentioned, Plaintiff does not allege that Warden Francis was personally involved with his medical treatment. Neither has plaintiff provided any evidence that Defendant Francis tacitly authorized or was indifferent to the alleged violation of his constitutional rights.

4

cannot maintain his claim against Warden Francis and that claim should be dismissed.[6]  Moreover, even assuming that Plaintiff had named a proper defendant in this case, the complaint should be dismissed for the failure to state a claim.

**B. Medical Claims**

To state a claim under the Eighth Amendment for ineffective medical assistance, Plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention.  Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991).  A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss.  Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference.  Wilson, 501 U.S. at 303.  A finding of deliberate indifference requires more than a showing of negligence.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  A prison official "must both be aware of facts from which the inference could be

---

[6] To the extent Plaintiff is asserting that Defendant Francis was deliberately indifferent to his serious medical needs by denying his institutional grievance, that claim is without merit.  This is not the type of personal involvement required to state a Bivens claim.  See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003).

5

drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

In this case, Plaintiff has failed to show that he suffered any injury, let alone a serious injury. Moreover, Plaintiff has failed to name a single defendant who actually participated in depriving him of medical care. Accordingly, Plaintiff has failed to state a claim for which relief can be granted and the complaint should be dismissed.[7]

---

[7] Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has

**III. Recommendation**

For the reasons set forth in this Order, it is recommended that the complaint be DISMISSED without prejudice under 28 U.S.C. § 1915A for the failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and any counsel of record.

DATED: February 7, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).