IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

WALTER DUANE WHITE,

      Plaintiff,

v.                                        Civil Action No. 5:06cv166
                                            (Judge Stamp)

JOYCE FRANCIS, Warden,

      Defendant.

## OPINION/REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF

The *pro se* plaintiff initiated is case on December 29, 2006 by filing a civil rights complaint against the above-named defendant. In the complaint, the plaintiff asserts that the defendant has been deliberately indifferent to his serious medical needs. This case is before the Court on the plaintiff's motion requesting emergency injunctive relief.

In support of his motion, the plaintiff asserts that after he filed administrative grievances regarding the "disrespectful, oppreessive (sic), abusive way the staff speaks towards the inmates over the public address system" he was told be would be placed in disciplinary segregation for his own protection. See dckt. 16 at 2. The plaintiff asserts that he has also requested that legal copies be made, but that his request was denied. The plaintiff asserts that such retaliatory actions were the result of his exercising his right to file grievances. Thus, the plaintiff requests an injunction preventing unspecified employees of the Bureau of Prisons from retaliating against him for filing administrative grievances and directing the Bureau of transfer him to a medical facility.

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

> (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,
>
> (2) the likelihood of harm to the defendant if the requested relief is granted,
>
> (3) the likelihood that the plaintiff will succeed on the merits, and
>
> (4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, the plaintiff has failed to establish that he will suffer irreparable harm if an injunction does not issue. Moreover, the plaintiff's requests are generally vague and encompass various duties that Bureau of Prisons staff performs as part of their administrative responsibilities every day. Thus, were the Court to grant the plaintiff the requested injunctive relief, those

employees' ability to do their jobs would be significantly hampered and their authority significantly undermined. Therefore, the harm to Bureau staff if the plaintiff's request was granted would be significant. Finally, the plaintiff has not established a likelihood that he will succeed on the merits of his claims[1] or that the public interest would best be served by the Court's granting of his request. Accordingly, the undersigned recommends that the plaintiff's motion for injunctive relief (dckt. 16) be DENIED.

Within ten (10) days after being served with a copy of this Opinion/ Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff.

DATED: June 5, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] On February 7, 2007, the undersigned issue a report and recommendation recommending that this case be dismissed without prejudice for the failure to state a claim. Morever, it appears that the claims raised in the plaintiff's motion for injunctive relief are unrelated to the claims raised in the complaint. Thus, the plaintiff's claims would be more appropriately filed as a separate civil rights action, after the exhaustion of administrative remedies.