IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WALTER DUANE WHITE,

    Plaintiff,

v.                                                     Civil Action No. 5:06CV166
                                                                      (STAMP)

JOYCE FRANCIS, Warden,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE ON PLAINTIFF'S COMPLAINT,
AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE ON PLAINTIFF'S MOTION
FOR EMERGENCY INJUNCTIVE RELIEF AND
DENYING AS MOOT PLAINTIFF'S MOTION
TO JOIN CIVIL ACTION NUMBERS**

I. Procedural History

On December 29, 2006, the pro se[1] plaintiff, Walter White, filed a civil rights complaint alleging that prison officials have been deliberately indifferent to his serious medical needs. The complaint was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.02 and 28 U.S.C. § 1915A. On February 7, 2007, following review of the complaint, Magistrate Judge Kaull submitted a report recommending that the complaint be dismissed. The plaintiff filed objections to the report and recommendation.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

On February 13, 2007, the plaintiff filed a motion for emergency injunctive relief. On June 6, 2007, Magistrate Judge Kaull issued a report and recommendation on the plaintiff's motion recommending that the motion for emergency injunctive relief be denied. The plaintiff filed objections. On June 21, 2007, the plaintiff filed a motion to consolidate this civil case, Civil Action No. 5:06CV166, with Civil Action No. 2:07CV15.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections to both of the report and recommendations issued in this case, this Court will undertake a de novo review.

## III. Discussion

A. The Complaint

The defendant, Joyce Francis, is the Warden at FCI-Gilmer. In the complaint, the plaintiff alleges that prison officials at FCI Gilmer where he is currently incarcerated have been deliberately

2

indifferent to his serious medical needs by failing to provide him with adequate medical care, failing to provide meaningful access to competent medical staff for examination, diagnosis and treatment, and failing to provide adequate emergency medical facilities. Specifically, the plaintiff alleges that he was denied "diabetic shoes [and] diabetic diet," that his insulin treatment was delayed by 21 hours, and that his "request for treatment protocol for Hepatis (sic) C" was denied.

As relief, the plaintiff seeks fair treatment, freedom from retaliation, timely medical treatment, and $250,000.00 in punitive monetary damages. The plaintiff also requests that FCI-Gilmer be required to employ additional medical personnel and comply with certain health care standards for prisoners.

Following initial review of the complaint, Magistrate Judge Kaull recommended that the complaint be dismissed for failure to allege personal involvement on the part of Warden Francis, and, assuming <u>arguendo</u> that the plaintiff had named a proper defendant, for failure to state a claim upon which relief can be granted. The plaintiff objects that he is "bringing suit against Warden Francis in her professional capacity because the Warden is responsible for everybody who is under her supervision."

The plaintiff's objection is without merit. A plaintiff may file suit pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for damages arising from a violation of the plaintiff's constitutional rights by persons

acting under the color of federal law. However, to be successful in a <u>Bivens</u> action, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. <u>See Mueller v. Gallina</u>, 137 Fed. Appx. 847, 850 (6th Cir. 2005). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. <u>See Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986). This is particularly true in a <u>Bivens</u> action where "liability is personal, based upon the defendant's own constitutional violations." <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001).

In this case, the plaintiff has failed to allege any personal involvement on the part of Warden Francis. Rather, the plaintiff relies on a theory of <u>respondeat superior</u>, which cannot form the basis of a claim for violation of a constitutional right in a <u>Bivens</u> case. <u>See Dean v. Gladney</u>, 621 F.2d 1331, 1335-37 (5th Cir. 1980)(rejecting <u>respondeat superior</u> as a basis for liability in <u>Bivens</u> actions); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978)(rejecting <u>respondeat superior</u> as a basis for liability in <u>Bivens</u>-type actions brought pursuant to 42 U.S.C. § 1983). Additionally, the plaintiff has not shown that any inaction on the part of Warden Francis, in her capacity as supervisor, constituted deliberate indifference to or tacit authorization of the alleged denial of adequate health care to the plaintiff. <u>See Miltier v. Beorn</u>, 896 F.2d 848 (4th Cir. 1990)(recognizing supervisory liability in § 1983 actions where liability is based "not upon

4

notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury"). Accordingly, the plaintiff's claim against Warden Francis must be dismissed.

Magistrate Judge Kaull also recommended that, assuming the plaintiff had named a proper defendant in this case, the complaint be dismissed for failure to state a claim. This Court agrees. To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious" and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

In this case, the plaintiff has failed to show that he suffered any injury relating to the alleged indifference of prison officials to his medical needs, let alone a serious injury. Therefore, the plaintiff has failed to state a claim upon which relief can be granted.

B.  The Motion for Emergency Injunctive Relief

Subsequent to Magistrate Judge Kaull's issuance of a report recommending the denial of the plaintiff's complaint, the plaintiff

5

filed a motion for emergency injunctive relief.  In his motion, the plaintiff requests an injunction preventing unspecified employees of the Bureau of Prisons ("BOP") from retaliating against him for filing administrative grievances, preventing BOP staff from placing him in segregation and directing the BOP to transfer him to a medical facility.  Magistrate Judge Kaull reviewed the motion and issued a report recommending that the motion for injunctive relief be denied because the plaintiff has failed to establish that he will suffer irreparable harm if an injunction does not issue. Further, the magistrate judge concluded that the defendant would likely be harmed if the plaintiff were granted injunctive relief. Finally, the magistrate judge found that the plaintiff has not established a likelihood that he will succeed on the merits of his claims or that the public interest would best be served by the Court's granting of injunctive relief.

The plaintiff objected that he will suffer irreparable harm because "the Administration has already shown it actively uses Administrative retaliation against prisoner's (sic) who exercises (sic) their right to file grievance's (sic)."  The plaintiff argues that the likelihood of harm to the defendant "is non-existant (sic)" because the defendant "is the Warden of a penal institution."  Further, the plaintiff argues that there is a likelihood that he will succeed on the merits "because of all the evidence that the Plaintiff has sent to the United States District Courts Wheeling, Martinsburg, Elkins, and Clarksburg."  Finally,

the plaintiff contends that the public interest "will be secure because Plaintiff will still be incarcerated at a Federal medical Facility."

The plaintiff's objections do not establish that he is entitled to injunctive relief. The plaintiff has failed to show that in the absence on an injunction he will suffer injury that is "neither remote nor speculative, but actual and imminent." <u>Direx Israel, Ltd. v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991). Although the plaintiff notes that the public interest would not be harmed by the issuance of an injunction because he would remain incarcerated, the public interest is only one factor in the balancing test that a court must undertake in determining whether to grant injunctive relief. In this case, the balance of potential harms tips decidedly in favor of the defendant. The relief that the plaintiff seeks in his motion for an emergency injunction is so vague that, if this Court were to grant such relief, it would significantly hamper the ability of BOP staff to complete everyday administrative tasks and ensure the safe and efficient operation of the prison. Accordingly, the plaintiff's motion for emergency injunctive relief must be denied. However, because it appears that the claims raised in the plaintiff's motion for emergency injunctive relief are unrelated to the claims raised in the complaint, the motion for emergency injunctive relief is denied without prejudice.

C.  The "Motion to Join Civil Action Numbers"

The plaintiff requests that this civil action be consolidated with Civil Action No. 2:07CV15. Because this Court affirms and adopts the report and recommendation of the magistrate judge that the complaint be dismissed, the plaintiff's motion to consolidate is denied as moot.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendations are proper and the plaintiff's objections to the report and recommendations lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation on the plaintiff's complaint and the magistrate judge's report and recommendation on the plaintiff's motion for emergency injunctive relief. Accordingly, the plaintiff's complaint is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A for failure to state a claim and the plaintiff's motion for emergency injunctive relief is DENIED WITHOUT PREJUDICE. Additionally, the plaintiff's motion to consolidate, styled as "Motion to Join Civil Action Numbers," is DENIED AS MOOT. This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30

days after the date of the entry of the judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the plaintiff may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

    IT IS SO ORDERED.

    The Clerk is directed to transmit a copy of this order to the plaintiff.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:   July 18, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE